[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16209
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60118-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BROOKE JORDAN JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 23, 2017)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Brooke Jordan Jones appeals her 72-month total sentence after pleading

guilty to one count of conspiracy to commit access device fraud in violation of 18

U.S.C. § 1029(b)(2) and one count of aggravated identity theft under 18 U.S.C. §

1028A(a)(1).  On appeal, Jones argues that: (1) the court clearly erred by failing to grant her a minor role reduction pursuant to U.S.S.G. § 3B1.2(b) because she was less culpable than her co-conspirators; and (2) her sentence was substantively unreasonable because it was greater than necessary to satisfy the sentencing factors in 18 U.S.C. § 3553(a).  After careful review, we affirm.

We review a district court's denial of a role reduction for clear error.  United States v. Cruickshank, 837 F.3d 1182, 1192 (11th Cir. 2016), cert. denied, 837 F.3d 1182 (2017).  Clear error review is deferential, and we will not disturb a district court's findings unless we are "left with a definite and firm conviction that a mistake has been committed."  Id. (quotation omitted).  We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Jones's claim that the district court clearly erred by failing to grant her a minor role reduction.  The Sentencing Guidelines provide for a two-level decrease to a base offense level if a defendant was a minor participant in the criminal activity.  U.S.S.G § 3B1.2(b).  A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  Id. cmt. n.5.  Our determination of

2

whether to apply a mitigating role adjustment "is heavily dependent upon the facts of the particular case." Id. cmt. n.3(C).

We have set forth two principles the district court should consider in determining whether to grant a role reduction: "first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing; and, second, her role as compared to that of other participants in her relevant conduct." United States v. De Varon, 175 F.3d 930, 940 (1999) (en banc). We've said, however, that it may not be dispositive that a defendant had a lesser role than other participants did in the relevant conduct because it is possible that none of them are minor or minimal participants. Id. at 944.

Amendment 794, which went into effect on November 1, 2015, added guidance to § 3B1.2's Application Note 3(C), providing that:

> In determining whether to apply [a mitigating role] adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

3

(v) the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. App. C, Amend. 794.

In Cruickshank, we ruled that Amendment 794 was a clarifying amendment that embraced the approach this Court took in De Varon. Cruickshank, 837 F.3d at 1193-94. We further held that while a district court may lean heavily on one factor, like drug quantity, in considering a minor role reduction, it is legal error for the court to rely on that factor as "the only factor to be considered." Id. at 1195. In so holding, we stressed the fact-intensive nature of the inquiry, and the sentencing court's role in assessing the totality of the circumstances, where no one factor is "more important than another." Id. (quotation omitted).

According to the presentence investigation report ("PSI") in this case, Jones was involved in a scheme to defraud social security beneficiaries of their monthly social security checks. Jones acquired personal identification information ("PII") on social security beneficiaries through a database she had access to for her work.

4

She filtered the PII in the database by age in order to locate individuals who were receiving social security benefits. She then transmitted this stolen information to a co-conspirator, known only as "Ten." Jones received $3 per set of PII she transferred to "Ten," although she began receiving $4 at some point during the conspiracy. The investigation revealed that the conspirators collectively defrauded social security beneficiaries of over $400,000, of which Jones received at least $61,873. In total, Jones sold the PII of at least 5,700 individuals.

On this record, the district court did not clearly err by declining to apply the minor role reduction to Jones. We recognize that De Varon and Cruickshank instruct that the district court should not base its determination to refuse a minor role reduction based solely on the quantity of the illegal substance the participant transferred -- in De Varon, drugs; here, personal identification information. Cruickshank, 837 F.3d at 1195. But as the record reveals, the district court did not base its denial of a role reduction on the amount of PII transferred, but rather on the fact that Jones "understood the structure of the criminal activity, and she benefitted tremendously from [it] and wanted to increase her benefits during the commission of the crime." These findings directly correlate to the factors the sentencing notes indicate should be considered, notably that Jones "understood the scope and structure of the criminal activity" and that "she stood to benefit from the criminal activity." § 3B1.2's Application Note 3(C)(i), (v).

5

Although Jones argues that she merely obtained the PII and sold it for a specific price, it was not clear error for the district court to determine that her actions indicated she did not merely play a minor role in the conspiracy. The district court clearly weighed the appropriate considerations -- notably, her knowledge of the conspiracy and the amount of money she received -- and found that Jones had not proved she played a minor role in the conspiracy. Accordingly, the court did not clearly err in refusing to grant the minor role reduction.

We also find no merit to Jones's claim that her sentence is substantively unreasonable. In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1] The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion. United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015). However,

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

a court can abuse its discretion "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted). A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness. Pugh, 515 F.3d at 1192. "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).

Jones has not shown that her total sentence was substantively unreasonable in light of the record and the § 3553(a) factors. As the record shows, the district court considered all relevant factors in sentencing Jones, including her criminal history, risk of re-offending, and her family and community support as mitigating factors. The district court noted, in considering a downward variance, that it didn't think "we need to protect the public from further criminal activity of Mrs. Jones," and that "[h]er family and her community support is a mitigating circumstance." The court also observed, however, that too low of a sentence for Jones could fail to deter others from similar criminal conduct in the future. And although the district

court did not explicitly consider whether a shorter total sentence would enable Jones to begin repayments earlier, we've previously rejected the argument that a term of imprisonment should be shortened simply to allow a defendant to begin making restitution payments earlier. See United States v. Crisp, 454 F.3d 1285, 1291 (11th Cir. 2006). In short, there is no indication that the court abused its discretion by improperly weighed the evidence, placed undue weigh on an improper factor, or committed a clear error of judgment in balancing the proper factors. Irey, 612 F.3d at 1189. Accordingly, we affirm.

**AFFIRMED.**

8